UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMONE WILSON,

          Petitioner,           Case No. 2:14-cv-14232
                                                                   Hon. Paul D. Borman

v.

DEWAYNE BURTON,

          Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING, [Dkt. 7], SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. On October 17, 2003, Petitioner was sentenced to 15-to-40 years following his Oakland Circuit Court conviction of carjacking. The petition raises two claims: 1) Petitioner was sentenced based on inaccurate information, and 2) Petitioner was erroneously denied the opportunity to file a successive motion for relief from judgment in the trial court.

After preliminary review of the petition, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to comply with the one-year statute of limitations. Petitioner responded by filing a "motion for equitable tolling" [dkt. 7], acknowledging that the petition was untimely filed, but asserting that he is entitled to equitable tolling. For the reasons stated below, the petition will be dismissed for failure to comply with the statute of limitations. Petitioner will also be denied a certificate of appealability and permission to proceed on appeal in forma pauperis.

## I. Background

Following his conviction, Petitioner filed an appeal of right in the Michigan Court of Appeals. His conviction was affirmed in an unpublished opinion. *People v. Wilson*, No. 268417 (Mich. Ct. App. March 27, 2007). Petitioner attempted to appeal this decision to the Michigan Supreme Court, but his application for leave to appeal was rejected as untimely on May 24, 2007.

Petitioner filed a motion for relief from judgment in the trial court on February 1, 2010. The motion was denied on May 3, 2010. Petitioner appealed, but the Michigan Court of Appeals denied leave to appeal on January 21, 2011. *People v. Wilson*, No. 142690 (Mich. Ct. App. Jan. 21, 2011). The Michigan Supreme Court subsequently denied relief on September 6, 2011. *People v. Wilson*, No. 142690 (Mich. Sept. 6, 2011).

Petitioner subsequently filed a second motion for relief from judgment in the trial court that was denied on October 18, 2012. He appealed this decision, but the Michigan Court of Appeals denied relief on September 16, 2013. *People v. Wilson*, No. 313261 (Mich. Ct. App. Sept. 16, 2013). The Michigan Supreme Court later denied relief on January 31, 2014. *People v. Wilson*, No. 147865 (Mich. Jan. 31, 2014).[1]

Petitioner signed and dated the present habeas petition on October 27, 2014.

---

[1] The Court obtained this information from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from Westlaw's website, www.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. See *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. See, e.g., *Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether the petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough,* 547 U.S. 198, 209 (2006).

## III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for a writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). None of the other potential starting points apply to this case. Petitioner does not assert that his claims are based on previously unavailable facts or law, nor does he allege that the state created an external impediment preventing him from filing his petition. See §§ 2244(d)(1)(B)-(D).

"Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Michigan Court of Appeals affirmed Petitioner's conviction on March 27, 2007. Petitioner did not timely appeal this decision to the Michigan Supreme Court. Therefore, his conviction became final for purposes of subsection 2244(d)(1)(A) on May 22, 2007, when the time for seeking leave to appeal in the Michigan Supreme Court expired. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (same); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (same). The limitations period expired one year later on May 23, 2008.

Petitioner filed state post-conviction review proceedings in 2010 and 2012. These proceedings normally would toll the limitations period under subsection 2244(d)(2), but by the time they were filed the statute of limitations had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. See *Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); see also *Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002).

The petition is therefore time barred unless Petitioner can demonstrate grounds for equitable tolling. *Holland v. Florida*, 561 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows " (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id*. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner claims that he is entitled to equitable tolling because he is actually innocent of the facts relied upon by the state trial court in calculating his sentence. This is not the type of actual innocence claim that can justify equitable tolling of the statute of limitations. The concept of being actually innocent of a sentence arises only in the death penalty context. See *Sawyer v. Whitley*, 505 U.S. 333 (1992). The concept has no application to noncapital sentences such as Petitioner's. *Dretke*

-5-

*v. Haley*, 541 U.S. 386, 393 (2004); *Gibbs v. United States*, 655 F.3d 473, 477-79 (6th Cir. 2011) ("[Actual innocence of sentence] exception does not permit prisoners to raise claims about guidelines calculations in a collateral attack."). Therefore, because Petitioner's application for habeas relief was filed after the expiration of the one-year limitations period, and because he has failed to demonstrate grounds for equitable tolling, the petition will be summarily dismissed.

## IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not find debatable the court's procedural ruling that the petition is untimely. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

## V. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to proceed on appeal in forma pauperis is **DENIED**.

        s/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated:  August 31, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 31, 2015.

        s/Deborah Tofil  
        Case Manager